United States District Court
Southern District of Texas
**ENTERED**
May 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUPERIOR CONSULTING GROUP, *et al.*, | § § § |
| Plaintiffs, | § § |
| VS. | § § CIVIL ACTION NO. 4:22-CV-00896 |
| PHH MORTGAGE CORPORATION, *et al.*, | § § § § |
| Defendants. | § |

## **MEMORANDUM AND ORDER**

### I.

Before the Court is the defendant's, PHH Mortgage Corporation ("PHH"), motion for summary judgment (DE 7) asserted against the plaintiffs, Superior Consulting Group and Tracey Woodson's ("Superior"), concerning a certain piece of real estate in Houston, Texas. Superior has not responded to PHH's motion even though the time to respond has expired and a notice of no response [DE 8] in the form of an order was issued [DE 9] informing Superior that the motion would be taken up by the Court after April 10, 2023, at this writing, no response has been filed.

### II.

In light of the status of the pleadings, the Court adopts as undisputed, the factual and procedural background presented by PHH with omissions as follows:

On or about December 16, 2009, Woodson obtained a mortgage loan (the "*Loan*") in the original principal sum of $112,542.00 from Cornerstone Mortgage Company, which is evidenced by a promissory note (the "*Note*") secured by a deed of trust (the "*Deed of Trust*") encumbering the real property commonly known as 16107 Sheldon Ridge Way, Houston, TX 77044 (the "*Property*"). Non-party Karlton Woodson ("*Mr. Woodson*") is a co-signatory to the Deed of Trust, but is not an obligor under the Note. Superior, a sole proprietorship of Plaintiff, purports to now be the owner of the Property.

In July of 2013, Woodson and Mr. Woodson entered into a Home Affordable Modification Agreement (the "*Modification Agreement*") with Ocwen Loan Servicing, LLC ("*Ocwen*") pursuant to which the terms of the Loan were modified.[4] Ocwen thereafter merged with and into PHH effective June 1, 2019, [pursuant to New Jersey Stat. Ann. § 14A: 10-14(c)(3)].

PHH is in possession of the Note, which is indorsed in blank, and is the assignee of record for the Deed of Trust.

Notwithstanding the Modification Agreement, Woodson defaulted on the Loan in December of 2016. As a result, on January 4, 2017, PHH (through its predecessor, Ocwen) sent Woodson a Notice of Default (the "*Default Notice*") wherein it notified her of her default on the Loan.

Shortly after PHH sent the Default Notice, on March 3, 2017, Woodson filed a voluntary petition (the "*2017 Bankruptcy*") for relief under chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "*Bankruptcy Code*"). Woodson filed a chapter 13 plan in the 2017 Bankruptcy in which she proposed to cure the default on the Loan and maintain her ongoing monthly payments under the Loan. The 2017 Bankruptcy was subsequently dismissed on February 13, 2018.

On March 2, 2018, eighteen days after the 2017 Bankruptcy was dismissed, Woodson filed a second voluntary petition (the "*2018 Bankruptcy*") for relief under chapter 13 of the Bankruptcy Code. As she did in the 2017 Bankruptcy, Woodson filed a chapter 13 plan in the 2018 Bankruptcy in which she proposed to cure the default on the Loan and maintain her ongoing monthly payments under the Loan. The 2018 Bankruptcy was converted to a chapter 7 on March 12, 2019, and Woodson received a chapter 7 discharge on June 11, 2019.

On June 27, 2019, PHH sent Woodson a Notice of Intention to Foreclose

(the "***Notice of Intention***") wherein it again notified her of her default on the Loan.

On February 21, 2022, Plaintiffs commenced this action by filing their Original Petition against PHH, Guild Mortgage Company, f/d/b/a Cornerstone Mortgage Company ("***Guild***"), and Mortgage Electronic Registration Systems, Inc. ("***MERS***") in the District Court of Harris County Texas, 61st Judicial District. One day later, on February 22, 2022, Plaintiffs filed their aforementioned Amended Petition wherein they enumerate claims for: (a) statutory fraud; (b) common law fraud; (c) breach of contract; and (d) quiet title.

On March 11, 2022, Guild and MERS were nonsuited, leaving PHH as the only remaining defendant to this action. PHH filed its answer to the Amended Petition on March 17, 2022. PHH then removed the Amended Petition to this Court on March 18, 2022.

### III.

The summary judgment evidence presented in support of PHH's motion for summary and the arguments presented are compelling. *See* [PHH Exhibits A, A1-10, B, B-1, C, D, E and F, incorporated herein.] The granting of a summary judgment is appropriate when there is no genuine dispute as to any material fact and the facts presented support granting such a motion Fed. R. Civ. P., Rule 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In its Amended Petition, Superior asserts that PHH committed statutory fraud, common law fraud, breach of contract and trespass against Superior's title and legal ownership to the property in dispute. These claims, standing alone, do not raise a disputed fact issue and are essentially just that – claims that are not supported by evidence or facts that are not refuted by PHH evidence which evidence is undisputed. *See* [Exhibits]. Because Superior's pleadings are not supported by evidence and are refuted by PHH's

evidentiary proffer, the Court determines that PHH's motion for summary judgment should be and it is Hereby Granted.

PHH shall within 15 days from the entry of this Memorandum Order to submit its proposed Final Judgment.

It is so Ordered.

SIGNED on May 2, 2023, at Houston, Texas.

                                            Kenneth M. Hoyt
                                            United States District Judge